UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA SCHREIBER,

    Plaintiff,
vs.                                                        CASE NO: 8:10-CV-2888-T-30AEP

PRIME LAKELAND PLAZA, LLC,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ENTRY
## OF JUDGMENT AFTER DEFAULT

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Judgment After Default (Dkt. #8), filed herein on February 15, 2011. This Court has carefully considered the Motion and is otherwise fully advised in the premises.

A returned executed summons for Defendant, PRIME LAKELAND PLAZA, LLC was filed on February 14, 2011 (Dkt. #6). However, no responsive pleading was filed by Defendant in this matter. Consequently, Plaintiff obtained a Clerk's default against Defendant on February 14, 2011 (Dkt. #7), for failure by Defendant to appear, answer or otherwise plead to the Complaint filed herein within the time required by law. Thereafter, on February 15, 2011, Plaintiff filed the instant Motion (Dkt. #8) seeking a final default judgment against Defendant.

Accordingly, it is ORDERED AND ADJUDGED AS FOLLOWS:

1.   Plaintiff's Motion for Entry of Judgment After Default (Dkt. #8) is hereby GRANTED.

2.   Defendant shall remove the following barriers to access, as defined in the A.D.A. and/or ADAAG, within 270 days from the date of this Order:

**Parking**

1. Defendant shall remedy any disabled parking spaces at the facility that are not striped in a compliant manner in violation of 4.6.3 of the ADAAG.

2. Defendant shall fix any non-accessible parking spaces at the facility in violation of 4.1.2, 4.6 and other sections of the ADAAG.

3. Defendant shall remedy the insufficient amount of accessible parking spaces in violation of 4.1.2 and 4.6.1 of the ADAAG.

4. Defendant shall fix the non-compliant disabled parking signage in violation of 4.6.4 of the ADAAG.

5. Defendant shall remedy the inaccessible route from the parking areas to the facility in violation of 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

6. Defendant shall fix the non-compliant curb ramps in violation of several sections of the ADAAG, including but not limited to 4.5.2, 4.7 and 4.8.

7. Defendant shall fix the parking spaces designated as accessible but which lack clear and level access aisles in violation of section 4.6 of the ADAAG.

**Entrance Access and Path of Travel**

8. Defendant shall remedy the inaccessible route from the public sidewalk and transportation stops to the facility in

        violation of 4.3.2 of the ADAAG.

9. Defendant shall correct the directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance in violation of 4.1 of the ADAAG.

10. Defendant shall fix the doors which are in violation of section 4.13 of the ADAAG.

### **Access to Goods and Services**

11. Defendant shall fix the non-compliant door hardware on multiple doors to permanent rooms and spaces that require tight pinching and grasping to operate in violation of 4.13.9 of the ADAAG.

12. Defendant shall remedy the counters and service windows within the tenant spaces that are inaccessible and that exceed the maximum height requirements in violation of 4.1 of the ADAAG.

13. Defendant shall remedy the lack of signage and polices in place to assist persons with disabilities within the facility in violation of 4.1 of the ADAAG.

14. Defendant shall fix the isles throughout the tenant spaces that are inaccessible and in violation of several sections of the ADAAG.

### **Restrooms**

15. Defendant shall remedy the lack of accessible restrooms within the buildings in violation of several provisions of the ADAAG. Restroom non-compliance includes:

   A. Non-compliant side approach on the pull side of the restroom doors in violation of 4.13.6 of the ADAAG.

   B. Non-compliant turning radius and clear floor space within the accessible stall in violation of the provisions of 4.2.1,

        4.18.3 and 4.22 of the ADAAG.

    C.    The grab-bars do not comply with the requirements prescribed in 4.17.6 and 4.26 of the ADAAG.

    D.    There are exposed and un-insulated pipes under sinks in violation of 4.19.4 of the ADAAG.

    E.    Non-compliant mirror height in violation of the requirements in 4.19 of the ADAAG.

    F.    Coat hook on stall doors are above the maximum height allowance in violation of 4.2.5 and 4.2.6 of the ADAAG.

    G.    The door widths are less than the prescribed minimums, in violation of 4.13.5 and 4.13.6 of the ADAAG.

    H.    There are protruding objects in violation of 4.4 of the ADAAG.

3. Plaintiff's counsel shall have twenty (20) days from the date of this Order by which to submit a verified application for attorneys' fees, expert fees, litigation expenses and costs.

4. The Clerk is directed to enter final judgment in favor of Plaintiff and against Defendant and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 25, 2011.

                                                JAMES S. MOODY, JR.
                                               UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2010\10-cv-2888.dfj 8.wpd